UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARKEN ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-534-RHH |
| ) | |
| MARTIN J. O'MALLEY, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Larken Alexander's complaint against the Commissioner of Social Security and motion for leave to proceed *in forma pauperis*. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this case for want of jurisdiction.

**Legal Standard**

If this Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Additionally, this Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed this action against the Commissioner of the Social Security Administration ("SSA") on the Court's complaint form for judicial review of a decision by the SSA. Plaintiff does not seek to appeal a denial of his disability insurance benefits. Rather, he disputes the "garnishment of [his] social security check[s] for old child support." *See* ECF No. 1-1.

Attached to his complaint is a letter, dated April 4, 2024, from the SSA addressed to Plaintiff. The letter states in pertinent part:

**What We Plan to Do**

We have been ordered to take $692.30 from each monthly payment you are due to pay your obligation for child support, alimony or court ordered victim restitution. We withheld $692.30 from the payment you will receive around May 3, 2024. After that we will withhold $692.30 each month. You will receive another letter showing the payment amount you will receive.

**If You Disagree With The Decision**

If you disagree with the decision of the court that issued the garnishment order, you will need to contact them directly or have a lawyer do it for you.

ECF No. 1-3.

The relief plaintiff seeks appears to be a Court order directing the SSA to stop garnishing his wages.

## Discussion

As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving federal jurisdiction. *See Mitchael v. Colvin*, 809 F.3d 1050, 1053 (8th Cir. 2016) (citing *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010)). Here, it is apparent that plaintiff seeks to sue the SSA for withholding part or all of his monthly disability benefits. However, as an agency of the United States, the SSA enjoys sovereign immunity from suit absent consent. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), *United States v. Mitchell*, 463 U.S 206, 212 (1983). The existence of consent is a prerequisite for jurisdiction. *Id.* Plaintiff's complaint contains no facts to even arguably suggest that the SSA or one of its agents waived sovereign immunity. It therefore appears the SSA is immune from this litigation.

Although 42 U.S.C. § 405(g) contains a limited waiver of the SSA's sovereign immunity, it specifically permits suits challenging final decisions of the Commissioner of Social Security in connection with social security eligibility and benefits determinations. 42 U.S.C. § 405(g); *see also Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016). Section 405(g) limits the jurisdiction of the federal district courts to "affirming, modifying, or reversing the [final] decision of the Commissioner." 42 U.S.C. § 405(g). It does not, however, give jurisdiction to this court to review a state garnishment order. The plaintiff, here, is not contesting a final decision from an administrative law judge or the SSA Appeals Council related to his disability insurance benefits and/or supplemental security income benefits, and he is not challenging the procedure

used by the SSA in garnishing his benefits. Plaintiff makes it clear that he is simply contesting the SSA's withholding of funds ordered by a state court in relation to his child support obligation. Therefore, there no basis under § 405 to conclude that this Court has jurisdiction over plaintiff's claims against the SSA concerning the garnishment of his monthly benefits.

Additionally, 42 U.S.C. § 659 explicitly permits the garnishment of disability benefits to satisfy child support and alimony obligations. Under § 659(f), "the Government cannot be held liable for honoring a writ of garnishment which is 'regular on its face' and has been issued by a court with subject-matter jurisdiction to issue such orders." *United States v. Morton*, 467 U.S. 822, 836 (1984). To the extent plaintiff is seeking this Court to review the state court's child support or garnishment orders, federal courts lack subject-matter jurisdiction to review final judgments rendered by state courts under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See also Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 32 (11th Cir. 2010) ("pursuant to 42 U.S.C. § 659(f)(1) and (i)(5), the SSA was immune from liability because it garnished [plaintiff's] benefits pursuant to a state court order entered by a court of competent subject-matter jurisdiction"). Further, absent issues of constitutional concern, federal courts should leave domestic relations matters to the purview of state courts. *Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977).

Plaintiff does not identify, nor is the Court aware, of any alternative jurisdictional basis for this action. Having thoroughly reviewed and liberally construed the complaint, the Court concludes it lacks subject matter jurisdiction, and will therefore dismiss this action at this time. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of April, 2024.

                                        _____
                                        JOHN A. ROSS
                                        UNITED STATES DISTRICT JUDGE